# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES – GENERAL

Case No. 8:23-cr-00046-DOC                                    Date: June 12, 2025

Title: USA v. Daniel Renteria Velasquez

---

PRESENT: THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [37]**

Before the Court is Defendant's Motion to Dismiss the Supervised Release Petition for Lack of Jurisdiction Pursuant to 18 U.S.C. §3583(i) (Dkt. 37), the Government's Opposition, and the Defendant's Reply. After considering the arguments in the papers and oral argument on June 9, 2025, the Court **GRANTS** Defendant's Motion.

### A. Facts

Mr. Velasquez, the Defendant in this case, was sentenced to prison for 13 months and one day with three years of supervised release in the Southern District of California. The original term of supervision began on July 1, 2022, and was transferred to this Court on April 11, 2023. On April 10, 2024, the probation officer assigned ("PO") inspected Velasquez's home and told him to report to probation in person on April 16, 2024. Velasquez failed to report on April 16, 2024. PO then unsuccessfully attempted to contact Velasquez and his mother. On May 9, 2024, PO conducted an unannounced visit at Velasquez's home while Velasquez was present. Velasquez told PO that he had been sick and did not have money to pay his phone bill. PO told Velasquez to report on May 10, 2024, but he did not. On May 13, 2024, PO filed a violation petition and arrest warrant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No. 8:23-cr-00046-DOC                                                   Date: June 12, 2025

Page 2

with the Court for Velasquez's failure to report on April 16 and May 10, 2024. Also on May 13, 2024, Velasquez called PO, and he explained that he did not report because he had no money for public transportation. PO told Velasquez that he was reporting his noncompliance to the Court but not that an arrest warrant had been submitted. On May 15, 2024, the Court signed the petition and arrest warrant.

On January 31, 2025, Velasquez's term of supervised release expired. On April 28, 2025, Velasquez was finally arrested on the warrant and petition.

### B. The Court Lacks Jurisdiction

The "delayed revocation" statute, Section 3583(i), provides: "The power of the court to revoke a term of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i).

The Ninth Circuit has held that "[l]ogically, if the supervised release violation could reasonably have been adjudicated before the expiration of the term of supervised release . . ., it would not have been reasonably necessary to adjudicate the violation after the expiration of that term." *United States v. Morales-Isabarras*, 745 F.3d 398, 403 (9th Cir. 2014).

While the petition and arrest warrant were timely brought to the Court before the expiration of the term of supervision, the inaction for the subsequent eight months was not reasonable. Over a year has now passed since the alleged violations and the filing of the petition and warrant. The Government fails to show that adjudication after the expiration is "reasonably necessary" and so the petition fails under Section 3583(i) and the Court lacks jurisdiction.

Specifically, the circumstances articulated by the Ninth Circuit in *Morales-Isabarras* that would justify delay are not present here. For example, there is no evidence that Velasquez was incarcerated on state charges, in federal custody, or subject to other ongoing criminal proceedings as the Ninth Circuit identified in *Morales-Isabarras*. 745 F.3d at 402-03. Here, the Government argues that the delay was reasonably necessary simply because it would be burdensome for the Government to locate and arrest Velasquez. This argument goes too far—if theoretical problems locating and arresting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No. 8:23-cr-00046-DOC                                                    Date: June 12, 2025

Page 3

noncompliant supervisees is the justification, then there is no limit to the delay that would be permitted. The Court's decision turns on the specific facts of this case or as the Ninth Circuit called it "a practical approach." *Id*. at 401. Here, the Government presents no evidence that probation did not know where Velasquez was or attempted to arrest him earlier. In short, the Government provides no facts that it actually was burdensome to locate and arrest Velasquez. PO knew where Velasquez's family lived and had twice visited him there before. Velasquez had also been in touch with PO after the two alleged violations of failing to report. Thus, there is no evidence that Velasquez was a fugitive or on the run. The Government's delay is not justified.

### C. Fugitive Tolling Does Not Apply

The Government argues that the term of supervised release was tolled during the time that Velasquez was a "fugitive" for the 354 days from the date he first failed to report until the date he was arrested. Based on this tolling, the Government argues that the term now ends on January 20, 2026. It is undisputed, however, that the Government knew where Velasquez lived and PO was in contact with him the same day the petition was filed.

Under the fugitive tolling doctrine, "a defendant's term of supervised release is tolled from the time that he absconds from supervision until the time he is found by federal authorities." *United States v. Delamora*, 451 F.3d 977, 978 (9th Cir. 2006). While Velasquez had a duty to report to probation, he did not abscond and his location was not unknown to the Government. The Government does not argue that Velasquez moved or that he could not be found. To the contrary, Velasquez was at home both times PO visited, and PO spoke to Velasquez on the phone the day the petition was filed. The Government points to no precedent finding tolling on analogous facts. Thus, Velasquez was not a fugitive warranting nearly a year of tolling.

Therefore, the Court **GRANTS** Defendant's Motion to Dismiss. The Petition on Probation and Supervised Release of May 15, 2024 (Dkt. 21) is **DISMISSED** and Defendant is ordered to be **RELEASED FORTHWITH**. Accordingly, the June 13, 2025 hearing is **VACATED**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu